PRINCIPAL AND SURETY—RELEASE OF SURETY—OFFICIAL BONDS.

    A bond recited that "if the above bounden, [principal,] who has been appointed clerk of said Union Dime Savings Institution,  *  *  *  shall faithfully and honestly discharge his duties as such clerk, or in whatever capacity he may serve said bank, and shall faithfully apply and account for all such moneys, funds, valuables, and property which may come into his hands, or under his control, as such clerk, then this obligation to be void, " etc. *Held,* that the sureties were liable for defalcations of the principal in his capacity as teller, to which position he was subsequently appointed. BRADY, J., dissenting. Following *Savings Inst.* v. *Neppert,* 3 N. Y. Supp. 797.

Appeal from special term, New York county.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*W. H. Arnoux,* for appellant.    *Theo. De Witt,* for respondent.

VAN BRUNT, P. J.    For the reasons stated in the opinion in the case of *Savings Inst.* v. *Neppert,* 3 N. Y. Supp. 797, the judgment should be reversed, and new trial ordered, with costs to appellant to abide event.

MACOMBER, J., concurs.    BRADY, J., dissents.

---

*In re* TURNBULL'S WILL.

*(Supreme Court, General Term, Third Department.* February 7, 1889.)

1. PARENT AND CHILD—PROOF OF RELATION.

    On the question whether petitioner was the daughter of another by blood or adoption, several witnesses testified that the father had been living without children, and took into his home a child two years old, who lived with him as his daughter from that time, and that both he and his wife stated that they had adopted a child, and that petitioner was that child. The father, when rallied because he was childless, said petitioner was his own child, and he called her his daughter. *Held,* that a finding that she was not a child by blood was warranted.

2. SAME—EVIDENCE—RESEMBLANCE TO FATHER.

    Testimony that witness recognized petitioner among the women present, not having previously known her, by reason of her resemblance to the father, is properly rejected.

Appeal from surrogate's court, Albany county.

Petition by Mary Ann Willsey, formerly Mary Ann Turnbull, for a revocation of the probate of the will of John D. Turnbull, Jr., deceased, on the ground, among others, that no citation was served on the petitioner. Petitioner alleged that she was a sister of testator, and the question in dispute was whether she was the daughter by blood or by adoption of John D. Turnbull, Sr., who was the father of John D. Turnbull, Jr. Petitioner offered to prove by a witness who knew John D. Turnbull, Sr., that witness recognized Mrs. Willsey among the women present from the resemblance which she bore to Turnbull, Sr., having not previously known who she was. The testimony was excluded. The surrogate found that petitioner was not the daughter of Turnbull, Sr., and dismissed the petition. Petitioner appeals.

Argued before LEARNED, P. J., and INGALLS, J.

*Stedman, Thompson & Andrews,* for appellant.    *Lewis Cass,* for respondent.

LEARNED, P. J.    There was no error in excluding the opinion of Foster as to the resemblance between petitioner and John D. Turnbull, Sr.    The question is simply one of fact whether the petitioner was a daughter of John D. Turnbull, Sr., by blood, or only by adoption.    The language of Turnbull in calling the petitioner his daughter is consistent with either theory, although

perhaps when unexplained it would be taken as evidence of a blood relationship. But we have the testimony of several witnesses that Turnbull and his wife had been living without children, and that at a certain time they brought to their house a child some two or three years old, who, from that time, lived with them as their daughter. There is also the testimony of several witnesses that both Turnbull and his wife stated that they had adopted a child, and that the petitioner was such child. In contradiction to this it appears that at some instances Turnbull, when rallied by his associates because he was childless, had said that the petitioner was his own child. This joking conversation indicates the belief of his associates that he was not the real father of any child, and his assertion that the petitioner was his child was the retort (not very unnatural) against the imputation thus made. But it is much more probable that Turnbull's statement in reply to such joking was untrue, than it is that he would ever have said (as he certainly did) that the petitioner was adopted, when she was in fact his own child, and one to whom he was evidently attached. It seems to us hardly necessary to go over the testimony in any detail. The conviction produced on our minds is that the decision of the surrogate was correct. The order is therefore affirmed, with costs.